THE CATHOLIC CHURCH, ETC., Appellant *v.* THE REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 1278. Submitted November 5, 1951.—Decided November 27, 1951.

*Heriberto Torres Solá* for appellant. The Registrar appeared by brief.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Baldomero Fernández Gómez, a priest, died in 1923, leaving a will which declared that "as he has no forced heirs, it is his will, that at his death the property which constitutes his estate be divided into three equal parts, one-third in order that masses be held in his memory and for the benefit of the soul of the testator; one-third, in equal parts, for alms for the poor and for the church of which the testator was a priest, and the other third part for the person who attends him until his death."

In 1927 there was presented to the Registry of Property of San Juan, First Section, for recordation, insofar as it affected a certain house and lot in San Juan, a deed executed in 1925 purporting to divide and adjudicate the properties of the decedent, including a coownership in the San Juan house and lot. The deed quoted the will, which was presented to the then Registrar as a complementary document, and an order of the district court. The latter contained an inventory and valuation of the properties in the estate. The order also approved of the disposition of certain claims with which we are not concerned. In addition, it approved a provision that the 1/6 part of the estate provided for alms to the poor be delivered to the Roman Apostholic Bishop of Puerto Rico in order that the will of the testator in this respect could be carried out. The order authorized the judi-

cial administrator to sell the properties of the estate if necessary to comply with the terms of the will and also provided that the order constituted a recordable title in favor of the acquiring parties. However, the deed recited that instead certain participations in the real estate, based on their valuation, were being then and there adjudicated in the deed to the alleged interested parties. Accordingly, the deed purported to establish a coownership in the appellant of an undivided ¾ interest in the San Juan house and lot to carry out the legacy with reference to alms for the poor.

The then Registrar recorded the deed as to certain particulars but denied recordation in the name of the Church of an undivided ¾ interest in the San Juan property, to the extent of half of one-third of the estate of the testator which he left for alms to the poor, on the ground of failure to comply with § 678, Civil Code, 1930 ed.[1] No appeal was taken to this Court from the ruling of the Registrar.

On November 17, 1950 the same deed and complementary documents were presented again to the present Registrar for recordation of the undivided ¾ interest of the Church in the San Juan property. He denied recordation on the ground that "no other document has been submitted by which it can be established that the defect recited by the Registrar has been cured but the interested party has limited itself to expressing mere opinions and insufficient reasons to convert into a recordation the negative ruling which was consented to administratively because the corresponding

---

[1] Section 678 reads as follows:

"Bequests made in favor of the poor in general without designating the persons or the town shall be construed as limited to those of the residence of the testator at the time of his death, if it does not clearly appear that his intention has been otherwise.

"The classification of the poor and the distribution of the property shall be made by the person whom the testator has appointed, in default thereof by the executors, and if the testator does not have them, by the mayor and the municipal judge of the residence of the testator.

"The same thing shall be done when the testator has disposed of his property in favor of the poor of a specified place."

appeal was not taken . . . ". This is an appeal from the latter ruling of the Registrar.

The appellant argues that it is entitled to a ruling on the merits of its request for recordation on the theory that the ruling of the previous Registrar in which he denied recordation as to the said coownership and entered a cautionary notice for 120 days "lapsed by expiration of its terms." We agree with the present Registrar that at this stage of the matter our only function is to determine if the alleged defect recited by the previous Registrar has been cured. *Echavarría et al.* v. *Registrar*, 24 P.R.R. 80; *Behn* v. *The Registrar of Property*, 21 P.R.R. 486. No contention is made that the alleged defect has been cured. We therefore find no basis on which we could reverse the ruling of the Registrar in this case.

The ruling of the Registrar will be affirmed.